UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS J. MIZRAHI,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>NEW YORK CITY DEPARTMENT OF CORRECTION,<br><br>　　　　　　　　　　　　Defendant. | Case No. 1:25-cv-03987 (JLR)<br><br>ORDER OF SERVICE |

JENNIFER L. ROCHON, United States District Judge:

　　　　Plaintiff, who currently is incarcerated in the Otis B. Bantum Center on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that he is being subjected to unconstitutional conditions of confinement.  By order dated June 5, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

　　　　The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.  Department of Correction

Plaintiff's claims against the New York City Department of Correction (the "DOC") must be dismissed because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the Complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

### B.  City of New York

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order.  The Court requests that the City of New York waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against the DOC.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court is directed to mail an information package to Plaintiff.

Dated:   June 9, 2025
         New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                        United States District Judge

3